IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAV-VAUGHN NICHOLSON, on behalf of himself and others similarly situated,<br>Plaintiff,<br>v.<br><br>MULLIGAN SECURITY LLC,<br>Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY ON JULY 9, 2025<br><br>JURY TRIAL DEMANDED |

**COMPLAINT – CLASS/COLLECTIVE ACTION**

Shav-vaughn Nicholson ("Plaintiff") brings this lawsuit against Mulligan Security LLC ("Defendant"), seeking all available relief under: (i) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; (ii) the Minimum Wage Act provisions of the New York Labor Law, N.Y. Labor Law §§ 550, *et al.*; and (iii) the Wage Theft Prevention Act provisions of the New York Labor Law, N.Y. Labor Law § 195(1). Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his New York Labor Law ("NYLL") claims are asserted as a class action under Federal Rule of Civil Procedure 23.

**JURISDICTION AND VENUE**

1. Jurisdiction over the FLSA claim is proper under 28 U.S.C. § 1331.

2. Jurisdiction over the NYLL claims is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391 because, *inter alia*, Plaintiff and class/collective he purports to represent were employed in Brooklyn, NY. *See* ¶¶ 9, 18.

**PARTIES**

4. Plaintiff resides in Scarsdale, NY (Westchester County).

5. Defendant is a corporate entity headquartered at Seven Penn Plaza, 2nd Floor, New York, NY 10001 (New York County).

6. Plaintiff is an employee covered by the FLSA and NYLL.

7. Defendant is an employer covered by the FLSA and NYLL.

**FACTS**

8. Defendant describes itself as "New York City's premier provider of exceptional security and fire safety services, earning a reputation for excellence in protecting high-profile commercial properties, corporate facilities and company headquarters."[1]

9. Plaintiff was employed by Defendant from approximately July 2024 until approximately March 2025 in the job title of Zone Supervisor (a.k.a. Zone Security Supervisor) at a migrant shelter complex located at 47 Hall Street, Brooklyn, NY 11205 (Kings County) (hereafter "47 Hall Street"). As a Zone Manager, Plaintiff's job duties consisted of, *inter alia*, performing basic security guard services, monitoring the work of security guards, and preparing/submitting to Defendant and 47 Hall Street various reports and other paperwork regarding daily operations at 47 Hall Street.

10. Defendant paid Plaintiff and other Zone Managers an hourly wage and classified them as non-exempt from the FLSA's and New York Minimum Wage Act's overtime pay mandates. Plaintiff most recently earned a regular rate (a.k.a. straight-time rate) of $35/hour.

11. During the six-year period applicable to this lawsuit, Defendant, upon information and belief, employed over 40 Zone Supervisors who were assigned to 47 Hall Street and paid an hourly wage.

12 Defendant required Plaintiff and other Zone Managers to engage in various mandatory activities after the end of their scheduled shift. These activities included, for example, completing paperwork (such as time sheets, post sheets, logbook entries, and radio

---

[1] https://mulligansecurity.com/about-us-2/ (last visited June 25, 2025).

sheets), waiting for other Zone Supervisors to be discharged from their shift, copying/delivering paperwork to Defendant and 47 Hall Street, and walking to/from various offices within the 47 Hall Street complex. Such post-shift activities were intrinsic elements of the monitoring and reporting activities inherent in the Zone Manager position. Defendant failed to pay Plaintiff and other Zone Managers any compensation for time associated with these post-shift activities.

13. Plaintiff estimates that, on average, he spent approximately 30-45 minutes per day performing the post-shift activities referenced in paragraph 12. Because Plaintiff generally worked 5 days per week, the time associated with such post-shift activities generally totaled 2.5-3.75 hours per week.

14. Defendant's failure to pay Plaintiff and other Zone Supervisors any compensation for time associated with the post-shift activities referenced in paragraph 12 resulted in unpaid overtime wages. For example, during the week beginning on September 30, 2024 and ending on October 6, 2024, Defendant paid Plaintiff for 40 hours attributable to work performed during his scheduled shifts and paid him nothing for the 2.5-3.75 hours associated with the post-shift activities referenced in paragraph 12. These 2.5-3.75 hours, if paid, would have been compensable at Plaintiff's time and one-half overtime pay rate.

15. Likewise, Defendant's failure to pay Plaintiff and other Zone Supervisors any compensation for time associated with the post-shift activities referenced in paragraph 12 resulted in unpaid regular wages during weeks in which Plaintiff was credited with working fewer than 40 hours. For example, during the week beginning on September 2, 2024 and ending on September 8, 2024, Defendant paid Plaintiff for 32 hours attributable to work performed during his scheduled shifts and paid him nothing for the 2-3 hours associated with the post-shift activities referenced in paragraph 12. These 2-3 hours, if paid, would have been compensable at

Plaintiff's straight-time pay rate.

16. Defendant failed to provide Plaintiff and other Zone Supervisors with wage statements that accurately listed their hours worked. Instead, such statements failed to account for the time Plaintiff and other Zone Supervisors spent performing the post-shift activities referenced in paragraph 12. Defendant's failure to provide accurate wage statements prevented Plaintiff from seeking payment for time spent performing such post-shift work.

17. Defendant was aware that Plaintiff and other class members were not compensated for performing post-shift work. As such, Defendant's failure to pay Plaintiff and other class members for all hours worked was undertaken willfully and with reckless disregard of clearly applicable FLSA provisions. *See*, *e.g.*, *Perry v. City of New York*, 78 F.4th 502, 520 (2d Cir. 2023) ("willfulness means that the employer knew that it had failed to properly pay its employees or was reckless with regard to that failure.").

**CLASS/COLLECTIVE ACTION ALLEGATIONS**

18. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of all individuals employed by Defendant as Zone Supervisors, as Zone Security Supervisors, or in similar positions at 47 Hall Street during any week within the past six years.[2]

19. Plaintiff's FLSA claim should proceed as a collective action because he and other collective members, having worked pursuant to the common compensation policies described

[2] The NYLL carries a mandatory six-year limitations period. *See Nakahata v. N.Y.-Presbyterian Healthcare Systems*, 723 F.3d 192, 198 n.4 (2d Cir. 2013). The FLSA, meanwhile, carries a two-year limitations period that can be extended to three-years in the event of a "willful" FLSA violation. *See* 29 U.S.C. §§ 216(b), 255(a).

herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20. Class action treatment of Plaintiff's NYLL claims is appropriate because, as summarized below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

21. The class, upon information and belief, includes over 40 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

22. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

23. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

24. Questions of law and fact are common to all class members because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

25. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I -- FLSA**

26. All previous paragraphs are incorporated as though fully set forth herein.

27. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

28. During weeks in which Plaintiff and other FLSA collective members were paid for 40 or more hours, Defendant violated the FLSA by failing to pay them overtime wages for time associated with the post-shift activities referenced in paragraph 12.

29. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

**COUNT II – NYLL Minimum Wage Act**

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Employees can assert a cause of action under the NYLL's Minimum Wage Act for unpaid overtime wages. The NYLL empowers the New York State Commissioner of Labor to implement regulations entitling employees to overtime premium pay. *See generally Rocha v. Bakhter Afghan Halal Kababs, Inc.*, c, 352-59 (E.D.N.Y. 2014). Pursuant to this authority, the Commissioner has enacted a regulation that mirrors the FLSA's mandate that employees receive overtime premium compensation calculated at 150% of their regular pay rate for hours worked over 40 per week. *See* N.Y. Comp. Codes R. & Regs. Tit. 12 § 142-2.2; *accord Demirtas v. 846 Gas Corp.*, 2024 U.S. Dist. LEXIS 217691, at *12 (E.D.N.Y. Dec. 2, 2024).

32. During weeks in which Plaintiff and other class members were paid for 40 or more hours, Defendant violated the Minimum Wage Act by failing to pay them overtime wages for time associated with the post-shift activities referenced in paragraph 12.

33. Additionally, employees can assert a NYLL Minimum Wage Act claim for unpaid wages associated with non-overtime hours. *See* N.Y.L.L. § 663(1) ("[i]f any employee is paid

by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments."); *see also Nakahata*, 723 F.3d at 202 (finding that plaintiffs may have "gap-time" claims under NYLL).

34. During weeks in which Plaintiff and other class members were not paid for fewer than 40 hours, Defendant violated the Minimum Wage Act by failing to pay them straight-time wages for time associated with the post-shift activities referenced in paragraph 12.

**COUNT III – NYLL Wage Theft Prevention Act**

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The Wage Theft Prevention Act requires that, "with every payment of wages," employers must provide employees with a wage statement describing, *inter alia*, "the number of regular hours worked, and the number of overtime hours worked." N.Y. Labor Law § 195(3).

37. Defendant violated this requirement by failing to provide Plaintiff and other class members with wage statements that accurately listed their hours worked. Specifically, the wage statements failed to account for the hours Plaintiff and other class members spent performing the post-shift activities referenced in paragraph 12.

38. Defendant's failure to issue accurate wage statements allowed Defendant to hide its violation of the law and thus prevented Plaintiff and other class members from seeking payment for time spent associated with post-shift work. *See, e.g.*, *Roma v. Carmili*, 2024 U.S. Dist. LEXIS 231235, at *14-15 (E.D.N.Y. Dec. 18, 2024).

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages;

C. Prejudgment interest;

D. For each violation of N.Y. Labor Law § 195(3), $250.00 for each workday of each class member's employment up to a total of $5,000.00 per class member;

E. Litigation costs, expenses, and attorneys' fees under the FLSA and NYLL; and

F. Such other and further relief as the Court deems just and proper.

Date: July 9, 2025

Respectfully,

Peter Winebrake (2523611)
Mark J. Gottesfeld (4861712) (EDNY admission anticipated)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

William "Jack" Simpson (*pro hac vice* admission anticipated)
Simpson, PLLC
100 S. Main Street
Booneville, MS 38829
(662) 913-7811

Plaintiff's Counsel